UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60597-CIV-MARRA

PABLO A. LOPEZ,

    Plaintiff,

vs.

HOLLYBROOK GOLF AND TENNIS CLUB,

    Defendant.
_____/

**OPINION AND ORDER DISMISSING CASE**

    This cause is before the Court upon Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (DE 3). The Court has carefully considered the motion and is otherwise fully advised in the premises.

    On March 21, 2011, Plaintiff, proceeding pro se, filed this Complaint against Defendant asserting a claim under the American with Disabilities Act ("ADA"). (DE 1). That same day, Plaintiff filed an application to proceed in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (B) the action or appeal--
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

    The Court must first examine whether this Complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's in forma pauperis application. Cf. Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990) (holding that the court should first determine whether the complaint was frivolous before ordering the plaintiff to pay a partial filing

fee).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's Complaint alleges that in February 2010, he was fired from his part-time position with Hollybrook Golf and Tennis Club. The ground for his dismissal was multiple instances of tardiness. Plaintiff alleges that his tardiness resulted from his recognized disability, cerebral vascular accident, and his dismissal therefore violated the ADA.

The Court finds that this complaint fails to state a claim. "Before filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC." Fry v. Muscogee Cnty Sch. Dist., 150 Fed. App'x 980, 981-82 (11th Cir. 2005) (citing 42 U.S.C. § 12117(a)). "It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999). Title VII requires a charge of discrimination to be filed within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Plaintiff's complaint fails to allege whether he filed a charge with the EEOC within 180 days of his alleged termination, and therefore the complaint does not allege that the administrative prerequisites for suing under the ADA are met.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend his Complaint, if he can do so in good faith, to allege facts showing that he has met the administrative requirements for filing a claim under the ADA. Plaintiff shall file an amended complaint, if he chooses, within fifteen (15) days of the date of entry of this Order. Failure to file an amended complaint will result in the closing of this case. The Court will reserve ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (DE 3) until Plaintiff demonstrates that he can state a valid claim in his amended complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge