UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60597-CIV-MARRA

PABLO A. LOPEZ,

    Plaintiff,

vs.

HOLLYBROOK GOLF AND TENNIS CLUB,

    Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

This cause is before the Court upon Defendant's Motion to Dismiss Amended Complaint, or For More Definite Statement and Motion to Strike Exhibits to the Complaint (DE 16). The Court has carefully considered the motion and is otherwise fully advised in the premises.

On March 21, 2011, Plaintiff, proceeding *pro se*, filed his initial complaint against Defendant asserting a claim under the American with Disabilities Act ("ADA"). (DE 1). That same day, Plaintiff filed an application to proceed *in forma pauperis*. Pursuant to its authority under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the complaint for Plaintiff's failure to allege exhaustion of administrative remedies. DE 4. Plaintiff has since filed an Amended Complaint that attaches a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission ("EEOC") (DE 16-1) which the Court determined passed the scrutiny of § 1915(e)(2)(B). DE 10 (granting Motion for Leave to Proceed *in forma pauperis*). The Amended Complaint both alleges violations of the ADA and Title VII of the Civil Rights Act of 1964. Defendant now moves to dismiss that Complaint or, in the alternative, require Plaintiff to

plead more definitive statements.

The Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers).  However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action.  GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).  *Pro se* litigants are required to meet certain essential burdens in their pleadings.  See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).  With this in mind, the Court turns to the sufficiency of Plaintiff's claims under both the ADA and Title VII.

"It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).  Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a).  If there is no direct evidence of discrimination, the Court employs the test articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under this framework, a plaintiff must first establish a prima facie case of discrimination by showing that: "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the

protected class, under nearly identical circumstances." Lee v. Kansas City S. Ry., 574 F.3d 253, 259 (5th Cir.2009) (citing McDonnell Douglas, 411 U.S. at 802).

A review of Plaintiff's Complaint establishes that he has failed to state a valid claim under the ADA or Title VII. Plaintiff's Amended Complaint alleges that in February 2010, he was fired from his part-time position with Hollybrook Golf and Tennis Club. After asking why he was dismissed, Plaintiff asserts that he was told "it was for budget reasons, too many part-time workers and I had excess [tardiness]." DE 16-1. Although Plaintiff asserts that he was discriminated against, Plaintiff fails to articulate "which protected class he is a part of" or how "he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." McDonnell Douglas, 411 U.S. at 802. Accordingly, Plaintiff's Amended Complaint is insufficiently pled and thus dismissal is warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint, or For More Definite Statement and Motion to Strike Exhibits to the Complaint (DE 16) is **GRANTED** insofar as the Complaint is dismissed. Plaintiff, however, is granted leave to amend his Complaint, if he can do so in good faith, to allege facts showing that he has met the administrative requirements for filing a claim under the ADA or Title VII. Plaintiff shall file an amended complaint, if he chooses, within thirty (30) days of the date of entry of this Order. Failure to file an amended complaint will result in the closing of this case.

With regard to Defendant's Motion to Strike Plaintiff's May 18, 2011, Ex Parte Correspondence to the Court, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge